UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| CODY WARD, | | Case No. 3:21-cv-00145-MMD-WGC |
| | Plaintiff, | ORDER |
| v. | | |
| PERRY RUSSEL, *et al.*, | | |
| | Defendants. | |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. (ECF No. 1-1.) On September 7, 2021, this Court issued an order directing Plaintiff Cody Ward to file his updated address with this Court by September 24, 2021. (ECF No. 5.) The deadline has now expired, and Ward has not filed his updated address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

1       In determining whether to dismiss an action for lack of prosecution, failure to obey

2   a court order, or failure to comply with local rules, the Court must consider several factors:

3   (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to

4   manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring

5   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

6   *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at

7   130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

8       Here, the Court finds that the first two factors, the public's interest in expeditiously

9   resolving this litigation and the Court's interest in managing the docket, weigh in favor of

10  dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of

11  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

12  in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air*

13  *West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring

14  disposition of cases on their merits—is greatly outweighed by the factors in favor of

15  dismissal discussed herein. Finally, a court's warning to a party that his failure to obey

16  the court's order will result in dismissal satisfies the "consideration of alternatives"

17  requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d

18  at 1424. The Court's order requiring Ward to file his updated address with the Court by

19  September 24, 2021, expressly stated: "It is further ordered that, if Plaintiff fails to timely

20  comply with this order, this case will be subject to dismissal without prejudice." (ECF No.

21  5 at 1.) Thus, Ward had adequate warning that dismissal would result from his

22  noncompliance with the Court's order.

23      It is therefore ordered that this action is dismissed without prejudice based on

24  Ward's failure to file an updated address in compliance with this Court's September 7,

25  2021, order. (ECF No. 5.)

26      It is further ordered that the application to proceed *in forma pauperis* (ECF No. 4)

27  is denied as moot.

28  ///

The Clerk of Court is directed to close the case and enter judgment accordingly.

DATED THIS 8th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE